407 So.2d 987 (1981)
STATE of Florida, Petitioner,
v.
M.M. and S.E., Minor Children, Respondents.
No. 81-1387.
District Court of Appeal of Florida, Fourth District.
December 15, 1981.
Rehearing Denied January 20, 1982.
*988 Paul H. Zacks, Sp. Asst. Atty. Gen., Fort Lauderdale, for petitioner.
Ellis S. Rubin, Miami, for respondents.
DOWNEY, Judge.
The State of Florida, by a petition for writ of common law certiorari, seeks review of a circuit court order that, in effect, found the parents of two minors, M.M. and S.E., were maintaining a private school in the family domicile.
At the outset, it is necessary for us to determine the aspect of our jurisdiction the State is invoking. The question we face is whether the order the State attacks is a final order that, pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A), we *989 must review, or an interlocutory order that, pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(A), we may, in the exercise of our discretion, review. The following factors guide us in determining our jurisdiction.
This litigation began when a visiting teacher for the School Board of Broward County filed in the Family Division of Broward County Circuit Court, pursuant to Section 39.404, Florida Statutes (1981), petitions representing that each of the minors was "a dependent child [within the purview of Section 39.01(9)(d)] for reason of ... persistent truancy" and that the court had jurisdiction because the minors violated Section 232.01(1)(a), by being truant (S.E. on 15 occasions in February 1981 and 11 occasions in March 1981  M.M. on 16 occasions in February 1981 and 11 occasions in March 1981) from the high school in which they were enrolled.
Section 232.01(1)(a), Florida Statutes (1981), provides that:
"All children who have attained the age of 6 years or who will have attained the age of 6 years by February 1 of any school year or who are older than 6 years of age but who have not attained the age of 16 years, except as hereinafter provided, are required to attend school regularly during the entire school term."
The minors' main defense to the charge was that they should not be considered truants because they were attending a private school their parents had established. This defense is important because a child cannot be a truant if he is attending a private school. Section 232.02(3), Florida Statutes (1981).
After holding evidentiary hearings on the dependency petitions, the court entered an order on June 30, 1981, that provided: (1) the minors were adjudicated "to be dependent children and within the jurisdiction of this Court"; (2) directed
"[t]hat commencing with the school year 1981-1982 the children shall attend a school each and everyday (sic) for 180 school days as set forth by Florida Statute 228.041(13); said children may attend [the private school their parents had established] provided said school is complying with all applicable provisions of the Florida Statutes.";
(3) the foregoing provision would apply to S.E. for the first quarter of the school year since S.E. would "attain the age of 16 years in July 1981"; and (4) the court would "review this matter on Friday, November 6, 1981" to determine, in sum, if provision (2) (quoted above) were being complied with.
Our examination of the circuit court's order in light of the dependency petitions and the proceedings in the circuit court leads us to conclude that, while it retained jurisdiction to assure compliance with a crucial provision of its order, the circuit court had resolved the issues raised by the dependency petitions and had thus concluded its judicial labor; the order in question is therefore final and we are obliged to review it by way of plenary appeal. See 3 Fla.Jur.2d, Appellate Review, § 56. We therefore treat the State's petition for writ of certiorari as a notice of appeal. Fla.R.App.P. 9.040(c).
As indicated above, the dependency petitions that began this litigation alleged the minors' numerous truancies in February and March 1981 violated Section 232.01(1)(a), and the minors responded by taking the position, among others, that they were attending a private school their parents had established in the family home. The circuit court articulated the key issue before it thus: "Can the parents establish a private school in their home pursuant to Florida Statute 232.02(3) without a certified teacher or tutor?" In its entirety, Section 232.02 provides:
"Regular attendance is the actual attendance of a pupil during the school day as defined by law and regulations of the state board. Regular attendance within the intent of s. 232.01 may be achieved by attendance at:
(1) A public school supported by public funds;
(2) A parochial or denominational school;

*990 (3) A private school supported in whole or in part by tuition charges or by endowments or gifts; and
(4) At home with a private tutor who meets all requirements prescribed by law and regulations of the state board for private tutors."
It is undisputed that neither the parents nor a sister of the minors (who purportedly instructed the minors on occasion) was a certified teacher or tutor.
The circuit court based its finding that the parents were maintaining a private school (for the exclusive use of the minor respondents) in their home primarily upon the virtual absence of any statutes or administrative rules regulating nonpublic schools (in contrast with the numerous statutes controlling public schools).
That there is no statutory authority regulating the establishment of private schools in Florida does not mean that Florida parents, unqualified to be private tutors, can proclaim their homes to be private schools and withdraw their offspring from public schools. We reach this conclusion because of the following rule of statutory construction, which we apply to Section 232.02:
In the interpretation of a statute, it will be presumed that the legislature intended every part thereof for a purpose, and that it had some purpose in introducing the particular language used in an enactment. The maxim "ut res magis valeat quam pereat" requires not merely that the statute should be given effect as a whole, but that effect should be given to each of its provisions. Significance and effect should be accorded every part of the statute, if this can be done without destroying or perverting the sense or effect of the law or the general policy that dictated its enactment. In general, therefore, that construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole. A construction that would leave without effect any part of the language used should be rejected if possible. 30 Fla.Jur., Statutes, § 118 (footnotes omitted).
If we were to hold that the parents of the minors in the present case could, pursuant to Section 232.02(3), establish a private school in their own home for the purpose of educating the minors, we would violate the foregoing rule of statutory construction by failing to give effect to Section 232.02(4).
This is so for the reason that the Legislature, in Section 232.02, clearly intended to distinguish between private schools on the one hand and home instruction by a private tutor on the other. If "private school," as that term is used in Section 232.02(3) necessarily comprehended a parent or private tutor instructing at home, there would have been no necessity for the Legislature to enact Section 232.02(4). People v. Turner, 121 Cal. App.2d Supp. 861, 263 P.2d 685, 688 (1953). Since the Legislature saw fit to incorporate sub-sections (3) and (4) in Section 232.02, both sub-sections must be given effect in accordance with the above quoted rule of statutory construction.
The record indicates that the mother of the minors is the instructor of the minors, although upon occasion an elder sister of the minors acted as their tutor. The record further indicates that the only students enrolled in the parents' "private school" are the minor appellees and that no one else would be permitted to attend the "school."
Under these circumstances it is clear that the mother was acting as a private tutor to the minor appellees. Because she was acting as a private tutor, her system of private instruction for the sole benefit of the two minor appellees cannot be a private school within the meaning of Section 232.02(3).
For the foregoing reasons we hold that the minor appellees' parents did not establish a private school in their home and that the minors cannot comply with Section 232.01 by remaining at home and receiving instruction from their mother who is not a qualified private tutor under Section 232.02(4).
*991 We therefore reverse the final order under review in all respects save the adjudication that the minor appellees are dependent children within the jurisdiction of the family division of the circuit court.
REVERSED IN PART AND AFFIRMED IN PART.
MOORE and HERSEY, JJ., concur.